**Mohammed Elmorsy AHMED,
Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney
General, Respondent.**

**No. 04–73354.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

Mohammed Elmorsy Ahmed, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM ***

Mohammed Elmorsy Ahmed, a native and citizen of Egypt, petitions pro se for review from the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, see *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Assuming Ahmed's testimony to be credible, substantial evidence supports the BIA's conclusion that Ahmed failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Ahmed testified that he belonged briefly to an organization known as the Muslim Brothers and that they repeatedly tried to get him to rejoin after he left. Ahmed also testified that he feared the Egyptian authorities would falsely assume he was a terrorist because he was incarcerated in the United States following the increased national security measures instituted after September 11, 2001, and would incarcerate him in Egypt. Because there is nothing in the record to suggest that either the Muslim Brothers or the Egyptian authorities have raised any concern about Ahmed, or expressed an interest in harming him, we find these claims lack a nexus to a protected ground. *See Elias–Zacarias*, 502 U.S. at 482, 112 S.Ct. 812.

Because Ahmed failed to establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

Ahmed's CAT claim also fails because he has not shown that it is "more likely than not" that he will be tortured if returned to Egypt. 8 C.F.R. § 208.16(c)(2); *see also Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

Ahmed's remaining contentions lack merit.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.